IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEALL LEGACY PARTNERS, L.P., et al., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:05-CV-1942-D |
| VS. | § § | |
| CITY OF WAXAHACHIE, TEXAS, et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action brought by plaintiffs under 42 U.S.C. § 1983 alleging land use-based equal protection and due process constitutional claims, the court grants in part and denies in part defendant Sanford Smith's ("Smith's") Fed. R. Civ. P. 12(c) motion for judgment on the pleadings[1] and dismisses plaintiffs' action against him in his official capacity.[2]

I

Smith maintains that the action against him in his individual capacity should be dismissed because plaintiffs have failed to plead facts to support the allegation that he acted outside his

---

[1] Smith filed his motion on December 19, 2005, and plaintiffs filed their response on January 30, 2006. The deadline for Smith to file his reply brief was February 14, 2006. *See* N.D. Tex Civ. R. 7.1(f). Although he did not file the reply brief until February 15, 2006, the short delay has not interfered with the decisional process of the court, and the reply brief has been considered in deciding the motion.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

employment and official duties, and that the allegations of the complaint actually show he did not. He also relies on evidence in a supporting affidavit in which he avers that all his actions were taken in his official capacity as Building and Development Director of codefendant City of Waxahachie, Texas ("City"). Smith posits that the claims against him in his official capacity should be dismissed because they are redundant of the claims against the City.

II

As a threshold matter, the court disagrees with plaintiffs' contention that Smith's Rule 12(c) is in reality a Rule 12(e) motion for more definite statement and that it is procedurally premature. First, it is clear from Smith's motion that he seeks judgment on the pleadings under Rule 12(c). Second, plaintiffs' assertion that the pleadings are not "closed" within the meaning of Rule 12(c), because the deadline to amend pleadings does not expire under the scheduling order until December 1, 2006, is misplaced.

> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 213 (3d ed. 2004) (footnotes omitted). Plaintiffs filed their complaint on September 30, 2005, and defendants filed their answer on December 19, 2005. On the date Smith filed his motion, the pleadings were "closed" within the meaning of Rule 12(c). "The fact that under the court's scheduling order there is still time for a party to move for leave to amend does not affect this reasoning." *Kyocera Nortel Networks Ltd. v. Kyocera Wireless Corp.*, 2002 WL 31114077, at *1 n.1 (N.D. Tex. Sept. 20, 2002) (Fitzwater, J.).

III

Turning to the merits, the court agrees with plaintiffs that Smith's motion should be denied to the extent he seeks dismissal of the action against him individually.  The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (Fitzwater, J.).  The court accepts the complaint's well-pleaded facts as true and views them in the light most favorable to plaintiffs.  *Id.* at 312-13.  "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain."  *Id.* 312 (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).  The motion to dismiss should not be granted unless the plaintiffs would not be entitled to relief under any set of facts that they could prove consistent with the complaint.  *Id.* at 313.  "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)).  Under this highly deferential standard, Smith has failed to meet this burden with respect to the action against him individually.  The motion is denied to that extent.[3]

IV

The court grants Smith's motion to the extent he seeks dismissal of plaintiffs' claims against him in his official capacity.  Because the City is also a defendant, these claims are redundant and dismissal is warranted.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Accordingly,

---

[3]The court need not address plaintiffs' objections to Smith's affidavit because the court is accepting the allegations of plaintiffs' complaint over the averments of Smith's affidavit.  The objections are therefore denied as moot.

plaintiffs' action against Smith in his official capacity is dismissed.

\* \* \*

Smith's December 19, 2005 Rule12(c) motion for judgment on the pleadings is granted in part and denied in part.

**SO ORDERED**.

February 16, 2006.

                                                SIDNEY A. FITZWATER
                                                UNITED STATES DISTRICT JUDGE